ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:07CR145-002 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge John R. Adams |
| DEVIN DUNSON ) | |
| ) | SENTENCING MEMORANDUM |
| Defendant. ) | |
| ) | |

**I. Introduction**

This matter is before the Court for the resentencing of Defendant Devin Dunson. On May 7, 2007, Dunson pled guilty to conspiracy to possess with intent to distribute cocaine. In his plea agreement, Dunson admitted to being responsible for at least 2 kilograms but less than 3.5 kilograms of cocaine. On September 25, 2007, this Court sentenced Dunson to 63 months in prison. Further, this Court ordered that Dunson's sentence be run consecutively to any sentence he received from charges pending at the state level. On October 15, 2008, the Sixth Circuit remanded this matter for resentencing. That Court concluded that this Court lacked the authority to order a federal sentence run consecutively to a not-yet-imposed state sentence. Following remand, the Court ordered a new PSI Report and received sentencing memoranda from both parties.

**II. Advisory Guideline Calculations**

The base offense level for Dunson's crime is 28 based upon the quantity of cocaine. *See* U.S.S.G. § 2D1.1(c)(6). An enhancement is appropriate as Dunson is a career offender with the

meaning set forth in U.S.S.G. § 4B1.1.  The enhanced offense level is therefore 34.  Additionally, upon the Government's recommendation, the Court granted a three level reduction for Dunson's acceptance of responsibility.  The final offense level under the advisory guidelines, therefore, is 31.  As a career offender, Dunson's criminal history category is Category VI.  Accordingly, the advisory guideline range for Dunson's conviction prior to any variance is 188 to 235 months imprisonment, 3 to 5 years of supervised release thereafter, a fine, and the appropriate special assessment.

### III. Objections and Arguments

Prior to the hearing in this matter, Dunson raised five specific objections to the guideline calculation set forth above.  Dunson also contends that is inappropriate for the Court to do anything other than order that his 63 month sentence be run concurrently with his now-imposed state court sentence.  The Court now addresses each of the issues raised by Dunson.

**A. Objections**

**1. Career Offender**

In his objections, Dunson contends that his conviction for abduction is not an offense of violence.  Consequently, Dunson asserts that he is not a career offender.  Dunson's argument lacks merit.

To qualify as a career offender under U.S.S.G. § 4B1.1, a defendant who was over the age of eighteen at the time he committed the instant felony offense must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(1), (3).  The term "crime of violence" means any felony that either "has as an element

the use, attempted use, or threatened use of physical force against the person of another," or "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

The Sixth Circuit has held that an Ohio conviction for abduction qualifies as an offense of violence.

> Here, although a defendant could conceivably use nonviolent methods to hold another in involuntary servitude-by, for example, using blackmail to coerce a victim into servitude-abduction is undoubtedly an offense of a type that "by its nature, presents a serious potential risk of injury to another," such that it is a crime of violence.

*U.S. v. Westerfield*, 284 Fed.Appx. 315, 323 (6th Cir. 2008).  Accordingly, Dunson's argument regarding his abduction conviction is not well taken.

In addition to his abduction conviction, Dunson has numerous convictions that qualify as controlled substance offenses.  As such, the Report properly classified Dunson as a career offender.

**2. Criminal History**

Dunson's second, third, and fourth objections focus on the scoring of his Criminal History category.  Dunson alleges that the Report improperly scores sentences which should have been treated as singular under U.S.S.G. § 4A1.2.  This Court disagrees.

U.S.S.G. § 4A1.2(a)(2) provides as follows:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).  If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

Count any prior sentence covered by (A) or (B) as a single sentence.

Under this provision, Dunson contends that the three sentences he received on March 13, 2008, should be treated as a single sentence.

Application note 3 to the above guideline provides that "[p]rior sentences are related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing."  None of these subsections apply to Dunson's Cuyahoga County convictions.

Dunson has raised no argument under the first two prongs in the application note. Furthermore, a review of those convictions reveals that they did not occur on the same occasion and were not part of a common plan.  Dunson's argument, therefore, hinges upon a finding that the cases were consolidated for trial or sentencing.  In support of this argument, Dunson asserts that he was sentenced on the same day in all three cases and his sentences were ordered to run concurrently in all three cases.  These facts, however, do not satisfy the test set forth in subsection 3 of the above-quoted application note.

The Sixth Circuit, in fact, has expressly rejected the argument raised by Dunson.

> The record is clear, however, that all three offenses were separately indicted and never consolidated for either trial or sentencing.  While the state court judge sentenced Carter on the same day as to all three offenses with the sentences to be served concurrently, the district court did not err in concluding that the cases were not consolidated and the offenses did not occur on the same occasion.  The fact that judgment was pronounced on the same day with sentences to run concurrently, without more, does not establish that the offenses were consolidated.  *United States v. Coleman*, 964 F.2d 564, 566 (6th Cir.1992).  Further, given the separate entries of judgment and the absence of an order of consolidation, the record below does not demonstrate an intention on the part of the trial court to consolidate the cases.  *United States v. McAdams*, 25 F.3d 370, 374-75 (6th Cir.1994).

*U.S. v. Carter*, 283 F.3d 755, 757-58.  Similar to the facts in *Carter*, Dunson three sentences

4

resulted from separate indictments. Moreover, there is no order of consolidation in any of the three cases and each case produced a separate judgment entry. *Carter*, therefore, is controlling and the sentences were properly scored separately. Dunson's second, third, and fourth objections are overruled.

In his fifth objection, Dunson contends that the Report errs in suggesting that Dunson's criminal history score does not adequately reflect the seriousness of past criminal activity. The probation officer has responded to that objection and agrees that the information was inadvertently carried over from the prior Report. Accordingly, that provision is amended to state the probation officer has no basis for suggesting a variance. As such, any objection to the Report on this issue is now moot. Accordingly, Dunson's fifth objection is overruled.

### B. Resentencing Following Remand

The Sixth Circuit has expressly rejected the argument Dunson raised.

> When a district judge sentences a defendant after a remand, the judge is permitted to revisit the entire sentencing procedure, unless she is restricted in her review by the remand order. *United States v. Bond*, 171 F.3d 1047, 1048 (6th Cir.1999) (citation omitted). When the remand order does not restrict the district court in its reassessment of its sentence, the court remains free to rely upon "any legitimate factors" when making its determination, as long as it rules without vindictiveness. *Id*.; *see United States v. Duso*, 42 F.3d 365, 369 (6th Cir.1994) (recognizing that, because the sentencing guidelines allow a judge to reach the same conclusion by relying on any one of a number of legitimate factors, a successful appeal of a sentence, resulting in a remand, may result in a Pyrrhic victory for the defendant).

*U.S v. Rodgers*, 278 F.3d 599, 602-603 (6th Cir. 2002). As was the case in Rodgers, the remand in this matter was not limited. The order from the Circuit reads as follows: "The judgment of sentence is vacated, and this matter is remanded for resentencing." There is no limiting language

5

contained in the remand order.[1]  More specifically, the Sixth Circuit has approved of modifying a defendant's criminal history category following a general remand for resentencing.  *U.S. v. Bond*, 171 F.3d 1047, 1048 (6th Cir. 1999) ("Because the remand order in this case did not restrict the district court from reassessing its decision with respect to defendant's criminal history, it remained free to rely upon any legitimate factors when making that determination as long as its motivation remained free of vindictiveness.").  Accordingly, Dunson's argument that this Court's sentencing discretion is limited by the remand order lacks merit.

### C. Vindictiveness

Due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial."  *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969).  The *Pearce* Court held that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *Id*. at 726.  The Court's later made clear that the *Pearce* rule is a "prophylactic rule" that provides for a "presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence."  *United States v. Goodwin*, 457 U.S. 368, 374.  This objective information may come to the attention of a judge from a new presentence investigation. *See Pearce*, 395 U.S. at 723.  Furthermore, the Sixth Circuit has applied the *Pearce* rule when a defendant is resentenced but not retried on remand.  *See, e.g., United States v. Duso*, 42 F.3d 365 (6th Cir.1994).  Put simply, "[a] trial judge is not constitutionally precluded … from imposing a new sentence, whether greater or less than the

---

[1] As noted in the Court's denial of the motion to continue this sentencing, the Court finds it unlikely that the Sixth Circuit will alter its remand order at this late date, despite a recently filed motion from Defendant.

6

original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant[.]" *Pearce*, 395 U.S. at 723.

As detailed above, the Court has determined that the law in this Circuit compels a review of the facts and criminal history of the defendant at the time of sentencing. A thorough review of the new objective evidence justifying the increased sentence in this matter is detailed below. The Court is mindful that Defendant has apparently preemptively raised the issue of vindictiveness with the Sixth Circuit. In his recently filed motion to clarify the Sixth Circuit's remand, Defendant indicated as follows:

> [T]he District Court is now, we believe, pre-disposed to re-sentence the Appellant based on his updated Pre-Sentence Investigation Report; thus increasing his previously given sentence and impose an consecutive sentence in derogation of this Court's mandate[.]

Doc. 52-2 at 2-3. Given Dunson's apparent view that this Court has pre-determined his sentence with a vindictive intent, the Court has been overly cautious in detailing the *new objective* information that has formed the basis of the Court's sentence.

### IV. Departure and Variance

#### A. Departure

There are no grounds for a departure in this matter, nor has either party requested a departure. Accordingly, the Court has not departed in any manner.

#### B. Variance

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in exercising its judgment to determine an appropriate sentence and must offer a reasoned explanation for the

sentence.  Based upon those factors, the Court finds that a downward variance is appropriate under the facts presented in this matter.

In reaching its conclusion, the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant.  The Court must also review the need for the sentence imposed: a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; b) to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the Defendant; and c) to provide the Defendant with needed educational or vocational training, medical care, and/or other correctional treatment in the most effective manner.

The nature and circumstances of this crime were described fully in the Presentence Report and those facts are incorporated herein by reference.  Furthermore, those facts are not in dispute.  It appears that Dunson's position is that since those facts once justified a 63 month sentence that the Court must now impose such a sentence.  However, new facts are present which compel an increased sentence.

At the time of Dunson's original sentence, he had three separate felony cases pending in the Cuyahoga County Court of Common Pleas.  The Court was of course aware of these matters at the time of the original sentencing in this matter.  However, in fashioning a sentence at that time, the Court effectively gave Dunson the benefit of the doubt with respect to these charges.  Rather than increase Dunson's sentence to account for these pending charge, the Court ordered its sentence to run consecutively to any state sentence.  Through this mechanism, if Dunson was ultimately acquitted of state charges, he would suffer no collateral consequences.  That is to say, this Court's initial sentencing did not take into account those charges because of their unproven

nature.

At this time, those facts have changed. Following sentencing in this matter, Dunson pled guilty to all three of the pending felony matters. Consequently, at the time of this resentencing, Dunson has felony convictions for drug possession, drug trafficking, possession of criminal tools, having weapons under disability, and abduction. Dunson had none of these convictions at the time he was originally sentenced. Accordingly, this new objective information has caused the Court to conclude that a sentence of 63 months is insufficient.

More important than these convictions, Dunson now qualifies as a career offender. At the time of his first sentencing, this was not the case. At that time, Dunson was simply a recidivist; a defendant with several prior convictions. As of this date, Dunson has sufficient convictions of the proper type to be a career offender. He has not challenged this conclusion. Consistent with the above analysis, the Court is compelled to consider all of these facts as they exist at this time of sentencing.

The Court also must make one fact clear. While Dunson's convictions occurred after his original sentencing, the conduct giving rise to those convictions occurred prior to the original sentencing in this matter. In Cuyahoga County Court of Common Pleas Case No. CR06476133, Dunson was indicted on January 26, 2006. In Case No. CR07495256, he was indicted on April 19, 2007. Finally, Dunson was indicted on February 13, 2007, in Case No. CR07492203. As noted above, the Court gave Dunson the benefit of the doubt by not presuming that the facts underlying these indictments were true. Dunson's guilty pleas to the indictments have eliminated any doubt that he committed these acts prior to his original sentencing in this matter. Accordingly, the Court must consider those facts.

In CR06476133, Dunson was found with crack cocaine on his person in numerous baggies and with over $1,000 cash in his possession. In addition, despite his prior convictions, Dunson was found in possession of a concealed firearm, leading to his convictions in CR07492203. Finally, while the counts were nolled pursuant to a plea agreement, Dunson was initially charged with possessing a firearm in connection with his abduction conviction in CR07495256. Dunson's continued criminal activity is in itself troubling. The fact that he has repeatedly possessed and perhaps used a firearm despite his prior convictions leads the Court to believe that he does pose a significant risk to the community.

The preceding paragraphs form the basis for the Court's belief that an increased sentence is mandated by new facts. The Court, however, is of the mind that the advisory guideline range calculated in this matter (188 to 235 months) is too severe for several reasons.

First, the Court is mindful of sentencing disparities between Dunson and his co-defendant. Like Dunson, the co-defendant Richard Smith had a history of criminal convictions when he appeared before the Court. Smith, however, did not qualify as a career offender. Accordingly, his advisory guideline range was 110 to 137 months, and he received a sentence of 120 months. While the Court is cognizant of the different criminal histories of the defendants, the Court also acknowledges that Smith admitted to possessing a larger quantity of drugs through his plea agreement. Smith admitted to possession of a *minimum* of 5 kilograms of cocaine, while Dunson admitted to possession a *maximum* of 3.5 grams of cocaine.

In addition, as the Court stated at the first sentencing in this matter, the Court is convinced based upon comments from Dunson's friends and family that he can be a productive member of society following his incarceration. This apparently solid base of friends and family members

supports the imposition of a lower sentence.

With these considerations in mind, the Court concludes that a downward variance of 88 months is appropriate in this matter.  The Court finds that based on a totality of the facts presented, Dunson should receive a sentence lower than that received by Smith.  Therefore, a sentence of 100 months is sufficient but not greater than necessary to achieve the goals of sentencing.

The Court is also convinced, having reviewed the precedent cited above, that the Court could order that the instant sentence be run consecutively to the now-imposed sentence.  However, the Court agrees with Dunson that running his sentence consecutively at this point would run counter to the spirit of the Sixth Circuit.  Thus, while the Court acknowledges its authority to run the sentence consecutively, it declines to do so.

Finally, the Court notes that the casual observer may view Dunson's sentence as inherently unfair.   Prior to his appeal, Dunson received a 63 month sentence.   When the state court sentence was added, Dunson would have served 87 months with no appeal.  Dunson will now serve 100 months.  However, any appearance of unfairness is quickly stripped away when the facts are reviewed.  Dunson sentence is higher now because he admittedly has been convicted of 8 additional felonies since the date of his original sentencing.   Dunson, therefore, has only himself to blame for the increase in his sentence.

**V.  Kinds of Sentences Available**

The final calculated advisory guideline range of imprisonment is 188-235 months prior to the Court's variance.  The maximum statutory penalty for Dunson's conviction is 40 years

imprisonment, a $2,000,000 fine, 5 years of supervised release, and a $100 special assessment.

## VI. Conclusion

Based upon the above reasoning, pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. § 3553(a), it is the judgment of the Court that the Defendant Devin Dunson is hereby committed to the Bureau of Prisons for a term of 100 months.  This sentence shall run concurrently to the term of imprisonment imposed by the Cuyahoga County Court of Common Pleas.

The Court finds that Dunson does not have the ability to pay a fine and therefore waives the imposition of any fine.   Dunson must pay to the United States a special assessment of $100, which shall be due immediately.  Following his release, Dunson will be subject to five years of supervised release with the conditions set forth on the record.

IT IS SO ORDERED.


   November 14, 2008                                     */s/John R. Adams*
Date                                                  JOHN R. ADAMS
                                                          UNITED STATES DISTRICT JUDGE